Filed 3/17/22  P. v. Allen CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C093465 |
| Plaintiff and Respondent, | (Super. Ct. No. 05F03498) |
| v. | |
| ANDRE MARCUS ALLEN, | |
| Defendant and Appellant. | |

Defendant Andre Marcus Allen appeals from a postjudgment order denying his petition for resentencing under Penal Code section 1170.95.[1]  Defendant argues the trial court erred by improperly engaging in factfinding and not issuing an order to show cause and holding an evidentiary hearing.  In a related argument, defendant contends that changes to the law on robbery-murder special circumstances require the prosecution to

---

[1]     Undesignated statutory references are to the Penal Code.

1

prove at an evidentiary hearing that a petitioner had the intent to kill or was a major participant who acted with reckless disregard for life, and defendant was not required to first challenge the sufficiency of the evidence in a habeas corpus proceeding before seeking relief under section 1170.95.

Because defendant's arguments are related, we address them together and will affirm.

FACTUAL AND PROCEDURAL BACKGROUND

A jury found defendant guilty of first degree murder (§ 187, subd. (a)) and second degree robbery (§ 211). As to the murder count, the jury found true the special-circumstance allegation that the murder was committed during the commission or attempted commission of a robbery (§ 190.2, subd. (a)(17)). The jury found not true the allegation that defendant had intentionally and personally used a firearm in the commission of each offense (§ 12022.53, subd. (d)). The trial court sentenced defendant to life without the possibility of parole for first degree murder and stayed his sentence on the robbery conviction pursuant to section 654. Following a direct appeal, this court struck an inapplicable parole revocation restitution fine but otherwise affirmed the judgment in July 2008. (*People v. Coleman* (July 24, 2008, C053684) [nonpub. opn.].)

In our opinion on direct appeal, we summarized the incident resulting in these convictions as follows:

"On December 12, 2004, Dwayne Harvey was shot and killed while sitting in his parked car at Fourth Avenue Park in Sacramento. He was shot nine times by two different weapons—a .40-caliber semiautomatic handgun and a .38-caliber revolver. Shell casings or bullets from each weapon were recovered from Harvey's body and his car.

"*Prosecution's case*

"One of the prosecution's main witnesses was Sammy Anderson, a friend of both defendants who pleaded guilty to being an accessory to murder (§ 32) in return for his

2

truthful testimony and a one-year jail sentence.  According to Anderson, on the night of the murder, Anderson, Coleman, and Allen went to the Fourth Avenue Park to consummate a drug deal that Coleman had arranged with the victim Harvey.  It was Coleman's idea to kill Harvey.  While waiting for Harvey to arrive, Anderson decided to leave and was walking away from the park when Harvey's car pulled up.  Anderson saw Allen shoot Harvey from outside of the car, near the passenger door, and after a pause, heard more rounds of gunfire.  Anderson did not see Coleman with a gun that night, but was with Coleman the next day in the same park when Coleman picked up a gun from the grass and hid it in a car parked on the street.

"Testimony from eyewitnesses revealed that one of the defendants was seen searching Harvey's pockets and car after the shooting, and was holding a black revolver in his hand.  The person searching Harvey was wearing a long, black coat with black pants, which matched a description of what Coleman was wearing the night of the shooting.  The other man had on a black coat with fur trim on the hood, which matched a description of what Allen was wearing on the night of the shooting.  One witness said that two men walked up to Harvey's car, and then he heard two rounds of different sounding shots.  Two witnesses also testified that Allen made statements to the effect that he shot Harvey.

"*Defense case*

"Defendant Coleman testified in his own defense.  He stated that on the night of the shooting, he called Harvey to buy crack cocaine and arranged to meet him at the park with Allen and Anderson.  As they were waiting for Harvey, Coleman overheard Allen whisper to Anderson that 'he was going to do the dude' but did not see Allen carrying a gun and did not believe what Allen said.  When Harvey's car arrived, Anderson was walking away.  Allen approached the car and Coleman followed behind him.  Allen walked to the passenger side of the car, reached into the window, and fired shots into the car.  After firing about five shots, Coleman saw Allen move to the front of the car and

3

begin firing again with what sounded like a different gun. Coleman insisted that at no time did he have a gun. When Allen ran away, Coleman opened the driver's door and pulled Harvey out of the car. He decided to look for drugs or money in the vicinity. Finding none, Coleman took Harvey's cell phone.

"Defendant Allen testified that Coleman was carrying a black revolver with him that evening when they went to meet Harvey. When Harvey arrived at the park, Coleman walked up to the car, while Allen stayed behind. Allen heard three gunshots, and then heard more gunshots as he ran away from the park. He knew that Coleman intended to rob Harvey that night." (*People v. Coleman, supra*, C053684.)

On January 9, 2019, defendant filed a petition in the trial court to vacate his first degree murder conviction under section 1170.95. The petition asserted a "complaint, information, or indictment was filed against [him] that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine." Defendant also declared that "[a]t trial, [he] was convicted of 1st or 2nd degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine." He declared that following the amendments made to sections 188 and 189, he could not now be convicted of first degree murder. He declared that he was not the actual killer or a major participant in the felony. The trial court appointed counsel for defendant.

The district attorney filed a responsive pleading, moving to dismiss the petition on the grounds that the statute is unconstitutional and for failure of defendant to make a prima facie showing of eligibility. Defense counsel filed two replies. In a written order, the trial court denied defendant relief on the ground he had not made a prima facie showing of eligibility.

As the trial court observed, we affirmed the conviction, special-circumstance finding, and sentence in an unpublished opinion in 2008. The court found defendant was ineligible for relief under section 1170.95 because the jury had found the robbery-murder

4

special circumstance true. In response to appointed counsel's argument regarding the effect of the Supreme Court decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*) on the robbery-murder special-circumstance finding, the trial court explained that it was "of the view that [section] 1170.95 is not the proper forum for determining the sufficiency of the evidence of the special circumstance finding in light of *Banks* and *Clark*." The court reasoned that defendant would first need to seek collateral relief in a habeas corpus proceeding. The trial court noted that the California Supreme Court had denied review in *People v. Allison* (2020) 55 Cal.App.5th 449 (review den. Dec. 23, 2020, S265450) (*Allison*)—which held that a defendant challenging a felony-murder special circumstance is ineligible for resentencing under section 1170.95—and that decision was now final and binding on the superior courts.

The trial court then discussed the evidence, as summarized in this court's opinion on direct appeal, reasoning in the alternative that the evidence was still sufficient to support the special-circumstance finding under *Banks*/*Clark*. In discussing the evidence, the court proposed a scenario in which the jury may have found the section 12022.53, subdivision (d) firearm enhancement not true, but codefendant Coleman's section 12022.53, subdivision (d) firearm enhancement true, to wit, that only Coleman's shot was the fatal shot. The court then concluded: "[T]here was sufficient evidence for a jury to find beyond a reasonable doubt that defendant . . . fired the first shots with intent to kill, thereby satisfying the mens rea required for a robbery-murder special circumstance, and such a conclusion is not precluded by the jury's not true finding on [defendant's section] 12022.53[, subdivision] (d) gun enhancement, which required a finding of proximately causing great bodily or death by the firing of the gun. That renders *Banks* and *Clark* irrelevant in this case."

Defendant filed a timely notice of appeal.

DISCUSSION

I

*Applicable Law*

Senate Bill No. 1437 (2017-2018 Reg. Sess.), effective January 1, 2019, revised the felony-murder rule in California "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1(f).)  The bill amended the definition of malice in section 188, revised the definition of the degrees of murder to address felony-murder liability in section 189, and added section 1170.95, "which provides a procedure by which those convicted of murder can seek retroactive relief if the changes in the law would affect their previously sustained convictions." (*People v. Gutierrez-Salazar* (2019) 38 Cal.App.5th 411, 417, citing Stats. 2018, ch. 1015, §§ 2-4.)

Section 1170.95, subdivision (a)(1)-(3) states that a person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court for resentencing "when all of the following conditions apply:  [¶]  (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder,  murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine.  [¶]  (2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder..  [¶]  (3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019."

Section 1170.95, subdivision (b) requires the petitioner to submit a declaration that avers eligibility for relief under the statute (based on the requirements of subdivision (a))

6

and states the superior court case number, the year of conviction, and whether petitioner requests appointment of counsel. Subdivision (b)(3), which dictates how the court must handle the petition, reads: "Upon receiving a petition in which the information required by this subdivision is set forth or a petition where any missing information can readily be ascertained by the court, if the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner." (§ 1170.95, subd. (b)(3).) "Within 60 days after service of a petition that meets the requirements set forth in subdivision (b), the prosecutor shall file and serve a response. The petitioner may file and serve a reply within 30 days after the prosecutor's response is served. These deadlines shall be extended for good cause. After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause. If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (§ 1170.95, subd. (c).)

Section 1170.95, subdivision (d)(1) provides that a hearing to determine whether to vacate the murder conviction, recall the sentence, and resentence the petitioner as needed should be held within 60 days after the order to show cause; and the prosecution bears the burden of proving beyond a reasonable doubt that the petitioner is ineligible for resentencing. At the hearing, "the court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed. The court may also consider the procedural history of the case recited in any prior appellate opinion. . . . The prosecutor and the petitioner may also offer new or additional evidence to meet their respective burdens." (*Id*. subd. (d)(3).)

7

## II

### *Defendant Is Not Entitled to Relief as a Matter of Law*

Defendant contends the trial court erred by considering the jury's felony-murder special-circumstance finding when determining whether he pleaded a prima facie case under section 1170.95, subdivision (c).[2]  According to defendant, the court erred in relying on the special-circumstance finding, as the finding preceded *Banks* and *Clark*, which greatly narrowed the legal meaning of major participation and reckless indifference to human life.

Our Supreme Court recently held that it is proper for a trial court to consider the record of conviction in determining whether a petitioner has made a prima facie showing that he or she falls within the provisions of section 1170.95 in *People v. Lewis* (2021) 11 Cal.5th 952, 970-971 (*Lewis*).  The Supreme Court reasoned:  "The record of conviction will necessarily inform the trial court's prima facie inquiry under section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless.  This is consistent with the statute's overall purpose:  to ensure that murder culpability is commensurate with a person's actions, while also ensuring that clearly meritless petitions can be efficiently addressed as part of a single-step prima facie review process.  [Citation.]" (*Lewis, supra*, at p. 971.)  Following *Lewis*, we conclude that the trial court properly considered the record of conviction, including instructions to the jury

---

[2]  We note that defendant also challenges the trial court's alternative reasoning that even if defendant was eligible for relief despite the special-circumstance finding, the record conclusively demonstrated that defendant fired shots at the victim with intent to kill, satisfying the mens rea requirement for the robbery-murder special circumstance-finding.  Defendant contends the court went well beyond the prima facie inquiry prescribed under the statute by engaging in factfinding without issuing an order to show cause and holding an evidentiary hearing.  Defendant further contends the court "improperly speculated regarding a number of scenarios where the jury might have found [defendant] to be the actual killer or acted with an intent to kill."  We need not reach the merits of this issue because we conclude the trial court properly found defendant ineligible for relief as a matter of law based on the special-circumstance finding.

and the jury's verdicts, in concluding that defendant failed to make a prima facie showing.

Indeed, as is the case here, it does not matter whether the court reviewed defendant's record of conviction because defendant was ineligible for resentencing under section 1170.95 as a matter of law. As noted, the jury found true a felony-murder special-circumstance allegation—that the murder was committed during a robbery. (§ 190.2, subd. (a)(17).) Thus, even if the court issued an order to show cause and an evidentiary hearing was held at which the court could consider the record of conviction and defendant could introduce evidence, the court was still bound by the jury's felony-murder special-circumstance finding precluding defendant from relief.

The *Allison* court addressed the precise issue here: "Whether the trial court properly relied on [the defendant's] admission of felony-murder special circumstances (§ 190.2, subd. (a)(17)) as the sole basis for finding that he had not made a prima facie showing that he was entitled to relief." (*Allison, supra*, 55 Cal.App.5th at p. 456.) The *Allison* court first emphasized that section 1170.95 requires a prima facie showing by petitioner that he " 'could not be convicted of . . . murder because of changes to Section 188 or 189 made' in Senate Bill No. 1437." (*Allison*, at p. 456.) It noted that the requirements for a finding of felony murder under the newly amended version of section 189 were identical to the requirements of the felony-murder special circumstance that had been in effect at the time of the challenged murder conviction. (*Allison*, at p. 457.) Thus, the special circumstance finding showed "as a matter of law that Allison could still be convicted of felony murder even under the newly amended version of section 189" and precluded a prima facie showing of eligibility. (*Allison*, at p. 457, italics omitted; see *People v. Galvan* (2020) 52 Cal.App.5th 1134, 1140-1141, review granted Oct. 14, 2020, S264284; see *People v. Jones* (2020) 56 Cal.App.5th 474, review granted Jan. 27, 2021, S265854; *People v. Gomez* (2020) 52 Cal.App.5th 1, review granted Oct. 14, 2020,

S264033; *People v. Murillo* (2020) 54 Cal.App.5th 160, review granted Nov. 18, 2020, S264978.)

We recognize some appellate courts have come to contrary conclusions and the issue is currently pending before our Supreme Court.  (See *People v. Torres* (2020) 46 Cal.App.5th 1168, review granted June 24, 2020, S262011, abrogated on other grounds by *Lewis, supra*, 11 Cal.5th 952, 963; *People v. Law* (2020) 48 Cal.App.5th 811, review granted July 8, 2020, S262490; *People v. Smith* (2020) 49 Cal.App.5th 85, review granted July 22, 2020, S262835; *People v. York* (2020) 54 Cal.App.5th 250, review granted Nov. 18, 2020, S264954; *People v. Harris* (2021) 60 Cal.App.5th 939, review granted Apr. 28, 2021, S267802.)  We, however, find the *Allison* and *Galvan* line of cases more persuasive.

Defendant has had ample opportunity since the affirmance on direct appeal to attempt to challenge the robbery-murder special circumstance in a habeas corpus proceeding under *Banks, supra*, 61 Cal.4th 788 and *Clark, supra*, 63 Cal.4th 522, but he did not present any documentary evidence to the court to show that he has done so.  If he wishes to challenge the sufficiency of the evidence supporting the felony-murder special-circumstance finding, we agree with the trial court's reasoning that his remedy is to pursue extraordinary relief by way of habeas corpus.  As our Supreme Court recently explained, *Banks* and *Clark* merely clarified the law.  (*In re Scoggins* (2020) 9 Cal.5th 667, 674.)  Where a decision does not announce a new rule of law but merely "clarifies the kind of conduct proscribed by a statute, a defendant whose conviction became final before that decision 'is entitled to post-conviction relief upon a showing that his [or her] conduct was not prohibited by the statute' as construed in the decision.  [Citation.]  'In such circumstances, it is settled that finality for purposes of appeal is no bar to relief, and that habeas corpus or other appropriate extraordinary remedy will lie to rectify the error.' "  (*Id*. at pp. 673-674.)

10

DISPOSITION

The order denying the petition is affirmed.


                                                             KRAUSE         , J.


We concur:


      RAYE           , P. J.


      BLEASE         , J.